IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MIXON SEED SERVICE, INC. , ) <br> PLANTATION SEED CONDITIONERS, INC. , ) <br> AGSOUTH GENETICS, LLC , ) <br> BOARD OF SUPERVISORS OF LOUISIANA ) <br> STATE UNIVERSITY AND AGRICULTURAL ) <br> AND MECHANICAL COLLEGE , and ) <br> FLORIDA FOUNDATION SEED ) <br> PRODUCERS, INC. ) <br> ) <br>     **Plaintiffs** ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> **RYAN ANDREWS, individually, and** ) <br> **JOHN DOES 1-25** ) <br> ) <br>     **Defendants** ) | **CIVIL ACTION FILE** <br> **NO.: 1:23-cv-183** <br><br><br> **JURY DEMAND** |

**COMPLAINT**

**COME NOW** the Plaintiffs, Mixon Seed Service, Inc. (hereinafter referred to as "Mixon"), Plantation Seed Conditioners, Inc. (hereinafter referred to as "Plantation"), AGSouth Genetics, LLC (hereinafter referred to as "AGSouth"), Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter referred to as "LSUAMC"), and Florida Foundation Seed Producers, Inc. (hereinafter referred to as "FFSP") (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel, and for their *Complaint* against the Defendants, Ryan Andrews, individually, and John Does 1-25 (hereinafter collectively referred to as "Defendants"), for unauthorized use of Plaintiffs' proprietary oat variety in violation

Page 1

of Plaintiffs' rights under the Plant Variety Protection Act, 7 U.S.C. § 2321 *et seq.* (hereinafter referred to as "PVPA"). Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that one or more of Plaintiffs' claims arise under the laws of the United States, as well as 28 U.S.C § 1338, granting district courts original jurisdiction over any civil action regarding the Plant Variety Protection Act.

2. Venue is proper in this judicial district pursuant to 28 U.S.C § 1391, in that a substantial part of the events giving rise to the claims occurred in Georgia and this division.

## PARTIES

3. Plaintiff Mixon is the parent company of AGSouth and Plantation. Mixon is a foreign profit corporation registered to do business in Georgia with a principal place of business at 1438 Joe S. Jeffords, Orangeburg, South Carolina, 29115.

4. Plaintiff Plantation is a Georgia corporation with its principal place of business located at 1113 Pretoria Road, Newton, Georgia 39870. At all times material herein, Plantation has been the exclusive licensee of the Plant Variety Protection Certificate rights to the oat variety known as LA05006 and sold under the commercial name Horizon 306, the rights in which have been infringed upon by the Defendants. Plantation is a wholly owned subsidiary of Mixon.

5. Plaintiff AGSouth is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business at 1113 Pretoria Road, Newton, Georgia 39870. At all times material herein, AGSouth has been the exclusive licensee of the Plant Variety Protection Certificate rights to the oat variety known as LA05006 and sold under the commercial name Horizon 306, the rights in which have been infringed upon by the Defendants.

6. Plaintiff LSUAMC is a Louisiana higher education management board with its principal place of business at 3810 West Lakeshore Drive, Baton Rouge, Louisiana 70808. At all times material herein, LSUAMC has been the holder of the Plant Variety Protection Certificate rights to the oat variety known as LA05006 and sold under the commercial name Horizon 306, the rights in which have been infringed upon by the Defendants.

7. Plaintiff FFSP is a Florida nonprofit corporation with its principal place of business at 3913 Highway 71, Marianna, Florida 32446. At all times material herein, FFSP has been the holder of the Plant Variety Protection Certificate rights to the oat variety known as LA05006 and sold under the commercial name Horizon 306, the rights in which have been infringed upon by the Defendants.

8. Defendant Ryan Andrews, an individual residing in Georgia, and doing business at 1110 North Broad Street, Cairo, Georgia 39828, may be served by process at the business address referenced above. Defendant is subject to the jurisdiction of this Court.

9. Defendants, John Does 1-25, are producers who sold unauthorized PVP protected oat seed to Defendants or through Defendants or are producers who purchased unauthorized PVPA protected oat seed from Defendants. On information and belief, most John Doe Defendants reside within Georgia, although some are believed to reside in other states. When the true names and capacities of John Does 1-25 have been determined, appropriate amendments of this *Complaint* will be filed.

## STATEMENT OF CLAIM
## PLANT VARIETY PROTECTION REGISTRATION

10. All other facts and allegations contained in this *Complaint* are incorporated herein as if set forth word for word.

11. This action arises partially under the Plant Variety Protection Act (PVPA), 7 U.S.C. § 2321 *et. seq.,* which provides patent-like protection to breeders of novel seed varieties via an application and approval process by the owner or assignee of the variety.

12. The purpose of the Plant Variety Protection Act, 7 U.S.C. § 2321 *et. seq.,* is to encourage the development and availability of new and beneficial crop varieties and their seed by legally protecting the intellectual property rights in those varieties for those who breed, develop, discover, or own these new varieties, thereby promoting progress in agriculture which is in the public interest.

13. Once the plant breeder proves that the newly discovered variety is novel and useful, the breeder will set forth its distinctiveness, uniformity, and stability and a description of the genealogy and breeding procedure used to develop it.

14. Upon a variety meeting all the requirements of the Plant Variety Protection Office of the United States Department of Agriculture, a Plant Variety Protection Certificate protecting the variety is issued to the owner.

15. Plant Variety Protection Certificates give their owners the right to exclude others from selling the variety protected by the Plant Variety Protection Certificate, or offering the protected variety for sale, or reproducing it without permission of the owner.

The PVPA states the following:

> 7 U.S. Code 2541
>
> *"(a) **Acts constituting infringement***
> *Except as otherwise provided in this subchapter, it shall be an infringement of the rights of the owner of a protected variety to perform without authority, any of the following acts in the United States, or in commerce which can be regulated by Congress or affecting such commerce, prior to expiration of the right to plant variety protection but after either the issue of the certificate or the distribution of a protected plant variety with the notice under section 2567 of this title:*

> *(1)    sell or market the protected variety, or offer it or expose it for sale, deliver it, ship it, consign it, exchange it, or solicit an offer to buy it, or any other transfer of title or possession of it;*
> *(2)    import the variety into, or export it from, the United States;*
> *(3)    sexually multiply, or propagate by a tuber or a part of a tuber, the variety as a step in marketing (for growing purposes) the variety;*
> *(4)    use the variety in producing (as distinguished from developing) a hybrid or different variety therefrom;*
> *(5)    use seed which had been marked "Unauthorized Propagation Prohibited" or "Unauthorized Seed Multiplication Prohibited" or progeny thereof to propagate the variety;*
> *(6)    dispense the variety to another, in a form which can be propagated, without notice as to being a protected variety under which it was received;*
> *(7)    condition the variety for the purpose of propagation, except to the extent that the conditioning is related to the activities permitted under section 2543 of this title;*
> *(8)    stock the variety for any of the purposes referred to in paragraphs (1) through (7);*
> *(9)    perform any of the foregoing acts even in instances in which the variety is multiplied other than sexually, except in pursuance of a valid United States plant patent; or*
> *(10)   instigate or actively induce performance of any of the foregoing acts."*

16.     The owner of a Plant Variety Protection Certificate has the right to control the usage of the protected variety identified by the Certificate for a period of twenty years, 7 U.S.C. § 2483. The owner may license or grant and convey an exclusive right for the use of the protected variety. See 7 U.S.C. § 2531.

17.     Mixon (parent company of AGSouth and Plantation) is in the business of producing, marketing, licensing, and selling protected certified oat seed nationally. In the course of its business, and only after the investment of substantial time and expense, Mixon obtained a license giving it exclusive rights to the Plant Variety Protection Certificate protecting the proprietary oat variety known as LA05006 and sold under the commercial name Horizon 306.

18.     On or about July 6, 2016, *Plant Variety Protection Certificate Number 201400512* was issued to LSUAMC and FFSP pursuant to 7 U.S.C. § 2482 by the United States of America

under the seal of the Plant Variety Protection Office, for the common oat variety known as LA05006-GSBS-65-S1, which is sold under the commercial name Horizon 306. A true and accurate copy of *Plant Variety Protection Certificate Number 201400512* and the application is attached to this *Complaint* as **Exhibit 1** and is incorporated herein by reference.

19. LSUAMC exclusively licensed the Plant Variety Protection Certificate Number 201400512 to Plantation on April 1, 2013. The license grants "an exclusive, worldwide right . . . to make, use, sell, offer for sale, reproduce, import, and export, oat plants and oat seeds of the variety that has been designated by LSUAMC as 'LA05006'"; renamed to Horizon 306 for commercial purposes. A true and accurate copy of the Horizon 306 *License and Royalty Agreement* is attached to this *Complaint* as **Exhibit 2** and is incorporated herein by reference.

20. LSUAMC authorized transfer of the *License and Royalty Agreement* regarding Plant Variety Protection Certificate Number 201400512, from Plantation and AGSouth to Mixon.

21. Mixon provides stewardship and high-quality production farms to develop certified oat seed by maintaining identity preservation for purity while cleaning, conditioning, bagging, testing, marketing, maintaining adequate inventories and warehousing. Mixon insures and provides quality assurance, management, and labor to accomplish these responsibilities.

22. By virtue of the Plant Variety Protection Certificate and the above-mentioned license, the Horizon 306 oat variety can be grown, offered for sale, marketed, conditioned, shipped, stocked, exposed for sale, or sold only by or with Mixon's permission and all acts therefrom must be undertaken in accordance with the Plant Variety Protection Act.

23. Mixon and the seed dealers authorized by Mixon to sell the Horizon 306 oat variety provide notice on the seeds' packaging that the Horizon 306 oat variety is protected by the Plant Variety Protection Act. In addition, Mixon also placed PVPA notices on its marketing and promotional materials for the Horizon 306 oat, 7 U.S.C. § 2567. The Horizon 306 oat seed variety

is processed and sold by Mixon as a class of certified seed, meaning that before every sale, the seed must be certified by an approved government or private agency as to variety, germination, and purity.

24. At all times relevant herein, the Plant Variety Protection Certificate protecting the variety sold as the Horizon 306 oat variety was in full force and effect.

25. At all times relevant herein, Defendants had actual notice and knowledge that the Horizon 306 oat variety was federally protected by the PVPA.

26. The PVPA provides in 7 U.S.C. § 2561 that an owner shall have a remedy by civil action for infringement of plant variety protection and that if the variety is sold under the name of the variety shown in the certificate, there is a prima facie presumption that the seed in the bag or lot is the protected variety. Under 7 U.S.C. § 2562 of the PVPA, a certificate of plant variety protection is presumed to be valid.

27. 7 U.S.C. § 2543 of the PVPA provides a crop exemption for growers and other persons that permits a bona fide sale of a protected variety into normal grain channels (for cookies and flour), but 7 U.S.C. § 2543 does not exempt from PVPA protection the sale of grain of a protected variety for use as seed for reproductive purposes without the authorization of the owner. 7 U.S.C. § 2543 further provides that if a purchaser diverts grain from normal grain channels for use for reproductive purposes, that purchaser is deemed to have notice under 7 U.S.C. § 2567 that its actions constitute an infringement of 7 U.S.C. § 2541 for purposes of a damages action by the owner.

28. On or about October 29, 2022, a market tester went to Defendant, Ryan Andrews' business location at 1110 North Broad Street, Cairo, Georgia 39828.

29. Defendant, Ryan Andrews, informed the market tester that Defendants had planted hundreds of acres of certified Horizon 306 oat seed, that the oat seed had a good yield, and that Defendants had "sold about 10,000 bushels" of the harvested oat seed.

30. Defendant, Ryan Andrews, asserted to the market tester that he was "not supposed to tell the variety," "sell a certain variety," nor "advertise it as that variety," and that "only the seed company can be saving the seed and selling it."

31. Defendant, Ryan Andrews, further acknowledged Defendants infringement of the Horizon 306 oat seed by stating "that's how it started, I was just saving them for grazing for myself, and then I had one guy say, 'I want to buy some for seed,' and it works out;" "I ain't growing it out for seed for the cows;" and "this is just country boys trying to make a dollar."

32. Defendant, Ryan Andrews, offered the market tester a substantially lower price for the infringing Horizon 306 oat seed, and the market tester agreed to purchase some of the infringing Horizon 306 oat seed.

33. The infringing Horizon 306 oat seed that was loaded onto the market tester's trailer were not in designer bags, and the PVPA protection legends were absent from the packaging.

34. On or about November 23, 2022, Plaintiffs sent Defendants a letter via first class mail, that instructed Defendants to cease and desist promoting and illegally selling uncertified Horizon 306 oat seed. A true and accurate copy of the *Cease-and-Desist Letter* is attached to this *Complaint* as **Exhibit 3** and is incorporated herein by reference.

35. On or about December 10, 2022, Plaintiffs sent Defendants' attorney, Andrew L. Tuggle, a letter via certified mail, that instructed Defendants to preserve all physical or digital evidence relating to purchasing, growing, selling, storing, bagging, marketing, and cleaning of Horizon 306 (and potentially Horizon 720) oat seed. A true and accurate copy of the *Spoliation Letter* is attached to this *Complaint* as **Exhibit 4** and is incorporated herein by reference.

36. 7 U.S.C. § 2563 of the PVPA provides that a court may grant an injunction to prevent violations of rights under the PVPA. 7 U.S.C. § 2564 of the PVPA provides that upon a upon a finding of infringement, the court shall award damages adequate to compensate for the infringement, but in no event less than a reasonable royalty together with interest and costs. 7 U.S.C. § 2564 also provides that the court may increase the damages up to three times the amount determined and, in exceptional cases, the court may award reasonable attorney's fees to the prevailing party. Further, the Court may use financial expert testimony to determine damages.

37. Pursuant to 7 U.S.C. § 2563, Mixon, Plantation, AGSouth, LSUAMC, and FFSP are entitled to a permanent injunction according to the principles of equity and upon such terms as the Court may deem reasonable, to prevent Defendants' continued sale of the Horizon 306 oat variety in bulk or in unmarked bags. Without such injunction, Plaintiffs will suffer immediate and irreparable harm not otherwise quantifiable in money damages.

## COUNT I
## DEFENDANTS' UNAUTHORIZED USES OF PLAINTIFFS' PVPA PROTECTED OAT SEED

38. All other facts and allegations contained in this *Complaint* are incorporated herein as if set forth word for word.

39. Defendants, jointly or severally, have violated Plaintiffs' PVPA rights by diverting oats from normal grain channels through a practice known as "brown bagging," in which a person or entity uses grain grown from protected proprietary seed, usually certified seed, and prepares it for use as planting seed without authorization of the owner and exclusive licensee of the proprietary seed. In some areas of the country, the grain is repackaged in seed bags, often brown, and the infringer markets, offers for sale, conditions, ships, stocks, exposes it for sale and sells the grain under the name of the variety from which the grain was grown. In Georgia, when dealing with seed piracy, whether the unauthorized sale of the grain is in bulk or a brown bag, the

overarching practice of selling the harvest of a protected variety without authority of the original variety owner is still understood in the industry as "brown-bagging."

40. Defendants are marketing, offering for sale, stocking, shipping, conditioning, exposing it for sale and selling the "brown-bagged" Horizon 306 oat seed without the required PVP notice.

41. Defendants are selling the "brown-bagged" Horizon 306 oat seed at a lower price than authorized dealers, all without the authority of Plaintiffs.

42. Defendants' infringing activities were undertaken with full knowledge and intent and with actual and constructive notice that such activities were in violation of Plaintiffs' plant variety protection rights, and that Horizon 306 is a federally protected variety.

43. Defendants, while violating the Plaintiffs' PVPA rights in the protected oat variety sold as Horizon 306, discussed the variety name, yield, and planting methods. Varietal benefits such as germination, yield, and seed disease resistance and the like are only relevant for planting seed, not animal feed or other intended purposes. Whenever grain, as opposed to seed, is used for its intended purposes or as animal feed, the germination rate and variety is not material and is never given or asked for. Varietal distinction is only relevant to oat that is processed and identity preserved for planting seed intended for harvesting grain.

44. On information and belief, the Defendants sold or offered for sale planting seed from harvest without restriction to other growers and without proper authority from the Plaintiffs. The foregoing acts of reselling constitute an illegal sale or offer of sale of the Horizon 306 variety.

45. Defendants are not persons who otherwise qualify for exceptions set forth at 7 U.S.C. § 2543.

46. The foregoing purchase by Defendants for reproduction purposes of uncertified oat constitutes an illegal use of offering for sale, stocking and marketing, and subsequently, illegal planting of the Horizon 306 variety.

47. On information and belief, Defendants John Does 1-25 sold seed of the proprietary Horizon 306 oat variety to other John Doe Defendants without license or permission, and those Defendants then conditioned and "brown-bagged" the Horizon 306 oat seed and designated it as Horizon 306 oat seed.

48. On information and belief, Defendants John Does 1-25 conspired with Defendants to sell the above-mentioned illegal "brown-bagged" Horizon 306 oat seed and/or purchased unauthorized PVPA protected Horizon 306 oat seed from Defendants.

49. Plaintiffs have not granted permission or authorized the Defendants to market, offer for sale, stock, ship, condition, expose for sale and/or sell the Horizon 306 oat variety in this manner.

50. At all times relevant to the claims herein, Mixon only sold Horizon 306 seed with written notice containing statutorily designated language signifying that the seed was protected under the PVPA and that unauthorized propagation or multiplication of the seed was prohibited. Mixon placed such PVPA notice of protection on all bags of Horizon 306 oat seed it sold and on notices accompanying all bulk sales of their Horizon 306 oat seed. In addition, Mixon also placed PVPA notices on its marketing and promotional materials for the Horizon 306 oat seed, pursuant to 7 U.S.C. § 2567.

51. Defendants resold the Horizon 306 "brown-bagged" oat seed without notice that the seed was subject to PVPA protection, without notice of the identity of the Plant Variety Protection Certificate holder or licensee, and without any other restrictions to prevent purchasers

of the seed from using the seed to further replicate the seed for seed or grain crop purposes, i.e. reproductive purposes.

52. Upon information and belief, Defendants marketed, offered for sale, stocked, shipped, conditioned, exposed for sale and/or sold a substantial quantity of Horizon 306 for seed purposes, and possibly other Horizon varieties, over the past several years.

53. Defendants' unrestricted sale of the protected Horizon 306 oat seed caused great harm to Plaintiffs especially considering that each bag of seed illegally sold by Defendants in violation of the PVPA can be planted, harvested, and replanted to produce millions of bags of seed in just a few generations.

54. Defendants' illegal activities in violation of Plaintiffs' PVPA rights placed the reputation of the protected variety at risk because it was sold without the rigorous production standards employed by Plaintiffs and without the certification by a governmental or private entity.

55. Defendants are deemed under 7 U.S.C. § 2543 of the PVPA to have had notice that Defendants acts in diverting the Horizon 306 oat from normal grain use for use as oat seed for reproductive purposes constitutes multiple infringements of Plaintiffs' rights under the PVPA.

56. Upon information and belief, Defendants knew that the majority of oat seed sold legitimately in Georgia was subject to PVPA protection, and Defendants had ready access to information as to the PVPA status of the Horizon 306 variety.

57. Upon information and belief, Defendants had actual and constructive notice and knew the Horizon 306 variety was federally protected by a Plant Variety Protection Certificate yet willfully disregarded the law and marketed, offered for sale, stocked, shipped, conditioned, exposed for sale and sold the variety "brown-bagged" and without restriction.

## COUNT II
## DAMAGES FOR INFRINGEMENT OF THE PLANT VARIETY PROTECTION ACT and 7 U.S.C. § 2541(A) OF THE PVPA

58. All other facts and allegations contained in this *Complaint* are incorporated herein as if set forth word for word.

59. Without authorization from Mixon, Plantation, AGSouth, LSUAMC, and/or FFSP, the Defendants marketed, offered for sale, stocked, shipped, conditioned, exposed for sale and/or sold the protected Horizon 306 variety which Defendants had diverted from normal grain channels for sale as seed for reproductive purposes or which Defendants had induced or instigated others to divert from normal grain channels.

60. Prior to Defendants' infringement, Plaintiffs, Mixon, Plantation, and AGSouth, enjoyed an exclusive license to the Horizon 306 oat variety. Defendants' illegal actions destroyed the benefits of the exclusive license.

61. Defendants knowingly marketed, offered for sale, stocked, shipped, conditioned, exposed for sale and/or sold the Horizon 306 oat seed in brown bags at a substantial discount to what authorized dealers charged for legitimate Horizon oat seed.

62. Defendants intentionally set their pricing to divert sales from authorized dealers for their own profit and competed with Plaintiffs as a direct competitor.

63. Defendants knowingly and intentionally harmed Plaintiffs and placed Plaintiffs at substantial risk of further harm as a result of downstream misuse when Defendants illegally sold oat seed in violation of the PVPA by placing the seed in commerce without notice of its protected status.

64. As the result of Defendants' actions, Plaintiffs have incurred substantial damages, attorney's fees, and costs and will in the future incur additional costs and damages.

65. Defendants made use of Plaintiffs' product in an unrestricted manner with complete and utter disregard to Plaintiffs' rights in the germplasm.

66. Defendants knew and disregarded the fact that by "brown-bagging" Horizon 306 oat for reproductive purposes, Defendants violated Plaintiffs' rights under the PVPA.

67. As the result of Defendants' multiple infringements of Plaintiffs' rights under 7 U.S.C. § 2541 of the PVPA, Plaintiffs have suffered harm for which they are entitled to damages as outlined in 7 U.S.C. § 2564, including without limitation:

   a. Damages adequate to compensate for the infringements, but in no event less than a reasonable royalty for the use made of the variety by Defendants, together with interest and costs fixed by the Court. See 7 U.S.C. § 2564(a);

   b. The damages award should be increased up to three times the amount of damages determined. See 7 U.S.C. § 2564(b);

   c. Damage to Plaintiffs' reputation or the reputation of the Horizon 306 variety which was not produced in accordance with Plaintiffs' practices and standards and were not certified;

   d. Expenses incurred or reasonably expected to be incurred as a direct result of Plaintiffs' actions to recover seed or grain grown from Defendants violation of Plaintiffs' PVPA rights, and/or expenses incurred in identifying and notifying persons who purchased the Horizon 306 variety of seed from the Defendants that such seed was not produced by or in accord with the standards of Plaintiffs and that any grain grown from such seed is protected by the PVPA, and cannot be held out as Horizon 306.

   e. Further, in light of the exceptional circumstances of this case, Plaintiffs are entitled to recover their attorney's fees and costs.

**COUNT III**
**INJUNCTION PURSUANT TO 7 U.S.C. § 2563 OF THE PVPA**

68. All other facts and allegations contained in this *Complaint* are incorporated herein as if set forth word for word.

69. Plaintiffs are entitled to injunctive relief pursuant to 7 U.S.C. § 2563 of the PVPA as follows:

 a. Preliminarily enjoining Defendant from marketing, offering for sale, stocking, shipping, conditioning, exposing for sale and/or selling any of Plaintiffs' protected varieties pending resolution;

 b. Permanently enjoining Defendants from any further sales of, or other illegal acts related to, the Horizon 306 oat variety protected by the PVPA, for reproductive purposes;

 c. Requiring the ultimate destruction of all Horizon 306 oat in Defendants' possession or control to prevent all future illegal harvests from being replanted;

 d. Requiring Defendants to provide Plaintiffs with immediate access to Defendants' facilities and premises, including leased lands, to identify the scope of the infringing conduct at a time when the crops remain in the field, thereafter permitting the crop to grow, harvest, and then store in constructive trust while the suit proceeds;

 e. Requiring Defendants to immediately disclose the names and addresses of all persons or entities who purchased Horizon 306 oat seed from Defendants to allow the Plaintiffs to identify the scope of the illegal activities and allow the Plaintiffs sufficient time to give adequate notice to such unknown

    individuals of their opportunity to be heard; and

 f. Requiring Defendants to provide an accounting of all sales of the protected Horizon 306 variety for reproductive purposes and of all profits derived from such sales.

## TRIAL DESIGNATIONS

70. Plaintiffs seek a jury trial.

## RELIEF DEMANDED

**WHEREFORE**, Plaintiffs pray for relief and judgment as follows:

 a. Request that service be issued in accordance with the terms of law and Defendants be served and commanded to respond in accordance with the terms of law to this *Complaint*;

 b. Award judgment against all Defendants as prayed for herein in both damages and equity;

 c. Award Plaintiffs' PVPA damages in no event less than a reasonable royalty for the use made of the varieties by Defendant, together with interest and costs fixed by the Court;

 e. Order preliminary and permanent injunctive relief;

  i. Directing Defendants to make no further sales for reproductive purposes of any seed for which Plaintiffs hold PVPA protection;

  ii. Directing Defendants to identify all fields on which they are cultivating previous or current oat crops which will allow Plaintiffs to identify the extent of the infringement. This information must be preserved prior to when the Defendants harvest and permanently remove the harvest, thereby spoliating evidence as to the true extent

      of infringement; and

   iii. Account for all sales of all PVPA protected seed of Plaintiffs, including the names and addresses of all purchasers, the quantity so purchased, and the names and addresses of all seed conditioners associated with such seed as well as conspirators.

 f. Award prejudgment and post-judgment interest;

 g. Award Plaintiffs their attorneys' fees, costs, and expenses incurred in this action pursuant to the PVPA;

 h. Award treble damages to Plaintiffs pursuant to the PVPA.

 i. Award such other and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of October, 2023,

| NOLAN LAW GROUP, PLLC | JONES CORK, LLP |
|---|---|
| By: */s/ Duff Nolan* <br> Duff Nolan <br> SCRN: 89125 <br> *Lead Counsel for Plaintiffs:* <br> *Mixon Seed Service, Inc.,* <br> *Plantation Seed Conditioners, Inc.,* <br> *AGSouth Genetics, LLC,* <br> *Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and* <br> *Florida Foundation Seed Producers, Inc.* <br> 411 South Main <br> Post Office Box 68 <br> Stuttgart, AR 72160 <br> Telephone: (870) 673-3200 <br> Fax: (870) 673-6996 <br> dn@nolanlawgrouppllc.com | By: */s/ William McDavid, Jr.* <br> William McDavid, Jr. <br> Georgia Bar Number: 315114 <br> Callie Dickson Bryan <br> Georgia Bar Number: 221194 <br> *Local Counsel for Plaintiffs:* <br> *Mixon Seed Service, Inc.,* <br> *Plantation Seed Conditioners, Inc.,* <br> *AGSouth Genetics, LLC,* <br> *Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, and* <br> *Florida Foundation Seed Producers, Inc.* <br> 435 2nd Street, Suite 500 <br> Post Office Box 6437 <br> Macon, GA 31208-6437 <br> Telephone: (478) 745-2821 <br> Facsimile: (478) 743-9609 <br> will.mcdavid@jonescork.com <br> callie.bryan@jonescork.com |

\\paragon\Active Client Files\Mixon Seed Service\5333 Andrews, Ryan\Pleadings\Complaint.docx/rh